## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**ROBERT CHARLES McALISTER**                                        **PETITIONER**
**Reg # 17858-076**

**VS.**                              **NO. 2:08-CV-00211-BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                        **RESPONDENT**

### <u>MEMORANDUM OPINION AND ORDER</u>

**I.**   <u>**Introduction**</u>**:**

Robert Charles McAlister, an inmate at the Federal Correctional Institution,

Forrest City, Arkansas ("FCI-FC"), brings this petition for writ of habeas corpus (docket

entry #1) under 28 U.S.C. § 2241.  For the reasons that follow, the petition is dismissed

with prejudice.

**II.**   <u>**Background**</u>**:**

On June 19, 2001, Petitioner was indicted in the United States District Court for

the Western District of Tennessee ("the District Court") for conspiracy to manufacture

and distribute methamphetamine.  He was arrested and taken into federal custody on June

21, 2001.  (#8-5 at p. 2)  On June 29, 2001, the District Court released Petitioner on bond.

(#8-5 at p. 3)

Petitioner was arrested by state authorities in Fulton County, Kentucky on July 30,

2001.  On September 14, 2001, he was transferred to the custody of the United States

1

Marshal pursuant to a *writ of habeas corpus ad prosequendum*.  On April 3, 2002, he pled

guilty in District Court to the charge of conspiracy to manufacture and distribute

methamphetamine, and the Honorable Julia S. Gibbons imposed a sentence of fifty-one

months in the custody of the United States Bureau of Prisons ("BOP").  (#8-6)  The

Judgment was entered on April 5, 2002, and was silent as to whether the sentence would

run concurrently or consecutively to any yet to be imposed state sentence.  (#8-6 at p. 2)

On May 20, 2002, the Marshal returned Petitioner to Kentucky authorities.  A

federal detainer was lodged against Petitioner.  (#8-7)   The state did not, however,

acknowledged receipt of the detainer.  (#8-7)

On July 11, 2002, Petitioner appeared in the Circuit Court of Fulton County,

Kentucky and changed his plea to guilty on the state charges.  On September 26, 2002, a

Fulton County Circuit Court Judge sentenced Petitioner to six years of imprisonment in

the Kentucky Department of Correction.  (#8-8 at p. 7)  In the Judgment, entered on the

same day, the Judge ordered the state prison term to be served "concurrent with the

Fed[eral] charges."   (#8-8 at p. 3)

In August, 2003, the Kentucky Department of Correction released Petitioner to

parole without notifying the Marshal as required by the detainer.  The Marshal arrested

Petitioner on October 5, 2007, and on October 15 the BOP designated him to serve his

sentence at FCI-FC. (#8-5)   Petitioner was transported to FCI-FC on October 17, 2007.

Respondent gave Petitioner credit toward his sentence for time served from May 15,

2001, to May 17, 2001; June 21, 2001, to June 29, 2001; and September 14, 2001, to May

19, 2002.  Petitioner is currently projected to be released on October 1, 2010.[1]  (#8-3)

In its initial calculation of Petitioner's sentence, the BOP treated Petitioner's

federal sentence as running consecutively to his state sentence.  Petitioner properly used

the BOP's administrative review process to request *nunc pro tunc* designation of the time

he served in the Kentucky Department of Correction toward his federal sentence.  (#8-9 at

p. 7)  The BOP denied Petitioner's request.  (#8-9 at p. 2)  Petitioner has exhausted his

administrative remedies and now seeks review of the BOP's decision under 28 U.S.C.

§ 2241.  *Id*.

III.   **Discussion**:

The Court reviews the BOP's decision for abuse of the agency's "substantial

discretion under 18 U.S.C. § 3621."  *Fegans*, 506 F.3d 1101, 1105 (8th Cir. 2007).

The Attorney General, through the BOP, has responsibility for computing federal

sentences and determining the commencement of sentences under 18 U.S.C. § 3585.

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v.*

*Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).  The BOP computes an inmate's

---

[1]In his brief, Respondent contends that Petitioner is not entitled to credit for time
served from September 14, 2001 through May 19, 2002.  (#8 at pp. 4-5)  This argument
is, however, contrary to Respondent's own records.  According to the Sentence
Monitoring Computation Data provided by the Respondent, the BOP has given Petitioner
260 days of credit for time served including credit for time served from September 14,
2001 through May 19, 2002 .  (#8-3 at p. 3)

sentence after the inmate has begun serving his or her sentence.  *Id*.  Congress has

authorized the BOP to designate "any available penal or correctional facility that meets

minimum standards of health and habitability . . . whether maintained by the Federal

Government or otherwise" as a BOP correctional facility for purposes of serving a federal

sentence.  18 U.S.C. § 3621(b).  This statute "provides the BOP with broad discretion to

choose the location of an inmate's imprisonment," as long as it considers the five factors

set forth in 18 U.S.C. § 3621(b).  *Fults v. Sanders*, 442 F.3d 1088, 1090-91 (8th Cir.

2006).

Respondent contends that because Judge Gibbons was silent about whether the

sentence she imposed was to be concurrent or consecutive to Petitioner's yet to be

imposed state sentence, "the Bureau of Prisons is required by law to compute the federal

sentence as running consecutively to his subsequently imposed six-year Commonwealth

of Kentucky sentence."  (#8 at p. 7)

Under 18 U.S.C. § 3584(a), when a federal court is imposing multiple terms of

imprisonment at the same time or the defendant *is already subject to* an undischarged

term of imprisonment on a state charge and the court is silent, then under the statute there

is a presumption that the sentences are consecutive.  18 U.S.C. § 3584(a).  The court is

also authorized, however, to order multiple federal sentences to run concurrently or to

order a federal sentence to run concurrently with an undischarged state term after it first

considers the factors set forth in 18 U.S.C. § 3553(a).  *Id*. See also, *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006).

Congress has not, however, specifically addressed whether federal courts may order a federal sentence to be served concurrently or consecutively in a situation, such as this one, where a state sentence has not yet been imposed.  *Fegans*, 506 F.3d at 1103.  As Petitioner notes, the Sixth Circuit has held that federal courts may not order a federal sentence concurrent or consecutive to a yet to be determined state sentence.  See *United States v. Quintero*, 157 F.3d 1038, 1039-40 (6th Cir. 1998); but see  *United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001) (holding consecutive sentence may be imposed consistent with the last sentence of § 3584(a)).  Accordingly, under Sixth Circuit case law, Judge Gibbons was required to remain silent on the issue at the time of sentencing.  Accordingly, her silence cannot be interpreted as mandating that the BOP compute Petitioner's federal sentence as consecutive to his state sentence.

When a federal defendant is already serving a state sentence, the BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence." *Fegans v. U.S.*, 506 F.3d 1101, 1103 (8th Cir. 2007) (quoting *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)).  In making this assessment, the BOP is guided by its Program Statement 5160.05 ("the Program Statement") which specifies the procedure the BOP must follow when an inmate has

requested *nunc pro tunc* designation of a state institution for service of his federal sentence. *Id.* at 1104. Under paragraph 8 of the Program Statement, the BOP may make a *nunc pro tunc* designation only "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." BOP Program Statement 5160.05 at ¶ 8. Further, under the Program Statement, if BOP officials decide, on an inmate request, that a concurrent sentence "may be appropriate," they must "send a letter to the sentencing court . . . inquiring whether the court has any objections." BOP Program Statement 5160.05 at ¶ 9(b)(4)(c).

Petitioner claims he is entitled to *nunc pro tunc* designation because the judge who imposed the state court sentence ordered the sentence to run concurrently with his federal sentence. The state court's intent may be considered by the BOP, but is not binding. *Fagans*, 506 F.3d at 1104. Consequently, a state court's action may raise a petitioner's expectation for a concurrent sentence, but does not, as Petitioner suggests, resolve the issue. *Id.* (citing *Hendrix v. Norris*, 81 F.3d 805, 807 (8th Cir. 1996); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)).

Petitioner acknowledges that the District Court has not weighed in as to whether the sentences should run concurrently or consecutively. Petitioner claims, however, that "there are indications that would suggest that had Petitioner's sentencing judge had the opportunity to impose a concurrent sentence She [sic] would have done so." (#9 at p. 2) Petitioner claims that the following factors indicate the District Court would have

imposed a concurrent sentence: (1) it is "common practice" for federal and state sentences to run concurrently; (2) the state sentencing judge recommended concurrent sentences; and (3) the Assistant United States Attorney did not oppose Petitioner's request to have the time served on his state sentence credited toward his federal sentence.  (#9 at p. 2) None of these factors, however, give a clear indication that the District Court intended the sentences to be concurrent.

The BOP has fulfilled its obligation to determine the District Court's intent by sending the Court a letter asking whether it objects to Petitioner's request for *nunc pro tunc* designation.  The District Court has not responded, however, to the BOP's correspondence.  Given the District Court's silence, this Court cannot hold that the BOP acted outside its discretion in denying Petitioner's request for *nunc pro tunc* designation.

Petitioner also claims that because the state did not deliver Petitioner to the Marshal as set forth in the detainer, "the Bureau of Prisons did not believe Petitioner had any unserved federal sentence because the federal and state sentences were being run concurrently."  Petitioner offers no support for his claim that the state institution's failure to execute the detainer creates a presumption that the sentences were served concurrently. The detainer sent to Kentucky authorities clearly indicates that the Marshal considered the sentence unserved and, as set forth above, the state has no authority to declare any part of Petitioner's federal sentence served.

Finally, Petitioner claims that concurrent designation would not be contrary to the objectives of the criminal justice system.  Petitioner claims his state and federal offenses at issue in this petition are the only offenses he has committed.  Further, he claims that he completed his state incarceration and probation without incident and is committed to leading a law-abiding life.

As set forth above, 18 U.S.C. § 3621(b) provides the BOP with broad discretion to determine the location of an inmate's imprisonment," as long as it considers the five factors set forth in 18 U.S.C. § 3621(b).  *Fults v. Sanders*, 442 F.3d 1088, 1090-91 (8th Cir. 2006).  In this case, the BOP responded to Petitioner's request for *nunc pro tunc* designation according to its Program Statement.  It considered the factors delineated in 18 U.S.C. § 3621(b) to determine whether retroactive concurrent designation would be appropriate.  (#8-9 at p. 2)  It considered Petitioner's "current offense, prior criminal record, and the sentencing options available to the court."  (#8-9 at p. 2)  It also sought the federal sentencing court's opinion.  (#8-9 at p. 2)  After conducting its review, the BOP "determined concurrent designation would be inconsistent with the objectives of the criminal justice system and would not serve the interest of safety of society."  (#8-9 at p. 2)  The BOP acted within its broad discretion when it denied Petitioner's request for *nunc pro tunc* designation.

**IV.**  **Conclusion:**

For the foregoing reasons, Petitioner's petition for writ of habeas corpus (#2) is

dismissed with prejudice, this 21st day of April, 2009.

_____

UNITED STATES MAGISTRATE JUDGE